IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JABARIE ARNOLD,                    *
                                   *
         Petitioner,               *
                                   *
vs.                                *   CIVIL ACTION NO.: 17-00030-KD-B
                                   *
WARDEN KLEINER,                    *
                                   *
         Respondent.               *

## REPORT AND RECOMMENDATION

Petitioner Jabarie Arnold, a state pre-trial detainee, filed a petition seeking habeas relief under 28 U.S.C. § 2241.  (Doc. 1).  This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R).  Upon review, it is recommended that Arnold's petition be DISMISSED without prejudice, prior to service, to afford him an opportunity to exhaust all available state remedies.

I.   PROCEDURAL HISTORY

Arnold filed this action on January 10, 2017 seeking habeas relief under 28 U.S.C.§ 2241. [1] (Doc. 1). In his petition, Arnold indicates that he is currently awaiting trial on state charges in two different cases. (Id. at  2).  According to Arnold, he was released on a $50,000 bond in the first case in February 2015, and the bond in the first

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (llth Cir. 2001); see (Doc. 1 at 9).

case was revoked in May 2016 when he was arrested on new charges in a second case.[2]   (Doc. 1 at 2, 6-18).  Arnold complains that he is currently being held on a $1,000,000 bond, and that he has been detained 13 months without a trial in the first case.  (Doc. 1 at 2).   Arnold argues that the bond is excessive, that his speedy trial rights are being violated, and that the detention center where he is being detained contains inadequate legal resources to appeal his grievances. (Doc. 1 at 1-8). He requests, among other things, that his cases be dismissed or his bond reinstated. (Id.)

## II.   DISCUSSION

The undersigned notes, as a preliminary matter, that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999); see Jackson v. Secretary for the Department of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise sua sponte the timeliness issue."); Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses sua sponte, as the district court did in this case."). Rule 4 provides,

---

[2] From the records submitted, it appears that the first case (CC 2014. 000584) involves drug trafficking charges.  It is not clear what charges Arnold face in the second case (CC 2016.000748).

2

in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

Provided two requirements are satisfied, a state pretrial detainee like Arnold can raise constitutional claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. See, *e.g.*, Robinson v. Hughes, 2012 U.S. Dist. LEXIS 10508, 2012 WL 255759, *2 (M.D. Ala. Jan. 5, 2012), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 9772, 2012 WL 253975 (M.D. Ala. Jan. 27, 2012). First, the petitioner must be "in custody," albeit "not pursuant to the final judgment of a state court[,]" id., citing Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987); 28 U.S.C. § 2241(c), and, second, he "must have exhausted his available state remedies." Id.; see Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-489, 93 S. Ct. 1123, 1126-1127, 35 L. Ed. 2d 443 & n.4 (1973) (finding petitioner had satisfied § 2241(c)(3)'s "in custody" requirement and that he had exhausted "all available state remedies  as a prelude to this action.").

In this case, Arnold asserts and the records reflect that he is a pretrial detainee awaiting trial in two separate state cases. Thus, he satisfies the custody requirement. However, Arnold has not satisfied the exhaustion requirement. Thomas v. Crosby, 371 F.3d 782, 812 (11th

Cir. 2004)("Among the most fundamental law requirements of section 2241 is that petitioners must first exhaust their state court remedies"). Pursuant to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State . . . , if he has the right under the law of the State to raise, by any available procedure, the question presented." Bullard v. Butler, 2012 U.S. Dist. LEXIS 57851 at *4 (M.D. Ala. Mar. 8, 2012). In general, in order to exhaust, a petitioner must "fairly apprise the highest court of the federal rights that were allegedly violated." Id. (citations omitted).

    It is clear from the record that Arnold has not exhausted all his available state remedies. While Arnold asserts that he has written various letters and motions to his attorney and to the Escambia County Circuit Court,  (see doc. 1 at 2-3, 6, 10-22) [3] , he does not allege, and the record does not reflect that he has filed a habeas petition with the Escambia County Circuit Court, let alone pursued his claims in the Alabama Court of Criminal Appeals and the Alabama Supreme Court. Thus, his alleged actions fall far short of exhausting all remedies available to a defendant in the Alabama courts.

    To circumvent the exhaustion requirement, a petitioner must establish that there is an "absence of state corrective process" or

---

[3] These attempts at raising his claims with counsel and various state court officials are attached as exhibits to the petition. (See Doc. 1 at 10-22).

"circumstances exist that render such process ineffective to protect [his] rights". <u>Bullard</u>, 2012 U.S. Dist. LEXIS 57851 at *4 (citing 28 U.S.C. § 2254(b)(1)(B); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3, 102 S. Ct. 18, 70 L. Ed. 2d 1 (1981)). While Arnold asserts that the detention center has "no resources and the amount of effort it takes to just receive help to contact a higher authority is unjust" (Doc. 1 at 8), this does not meet the exacting burden of proving that there is an absence of a state corrective process, or that circumstances exist that would make the existing state corrective process ineffective.

In addition to the foregoing,

> ...under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. Only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court is not allowed. Federal habeas relief should not be used as a pretrial motion forum for state prisoners.

<u>Robinson</u>, 2012 U.S. Dist. LEXIS 10508 at *7-9 (internal citations, quotation marks and brackets omitted). Nothing about Arnold's

allegations establish evidence of bad faith prosecution nor do his sparse allegations entitle him to review under the "irreparable injury" exception recognized in <u>Younger v. Harris</u>, 401 U.S. 37, 53-54, 91 S. Ct. 746, 755, 27 L. Ed. 2d 669 (1971). <u>See</u> <u>Robinson</u>, 2012 U.S. Dist. LEXIS 10508. Finally, Arnold has made no showing that he has no available state corrective process, nor does he present any argument warranting "federal court interference in the normal functioning" of Alabama's criminal processes. <u>Id.</u> As noted by the <u>Robinson</u> court, the state courts of Alabama offer "adequate and effective state procedures for review of [petitioner]'s constitutional claims either before trial or, in the event [petitioner] is convicted, through appellate and post-conviction proceedings." <u>Id.</u>  Because Arnold has not established any reason for this Court to excuse him from the exhaustion requirement, his § 2241 petition is due to be dismissed without prejudice to afford him the opportunity to exhaust all available state court remedies before pursuing federal habeas corpus relief.

**III.   CONCLUSION**

Accordingly, it is the recommendation of the undersigned that this petition be **DISMISSED** without prejudice to afford Arnold the opportunity to exhaust all available state remedies.

<u>**Notice of Right to File Objections**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this

recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.


**DONE** this **30th** day of **January, 2017.**

/S/SONJA F. BIVINS

**UNITED STATES MAGISTRATE JUDGE**

7